THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF ILLINOIS

ROCK ISLAND DIVISION

7th Circuit

E-FILED
Tuesday, 24 April 2007 12:16:40 PM
Clerk, U.S. District Court, ILCD

FILED
APR 23 2007
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Bennie L. Carruthers Jr. | ) | Petition for a writ of Habeas |
| v | ) | Corpus pursuant to the follow- |
| THE UNITED STATES ET AL | ) | ing statutes 28 USC 2255 |
| DEFENDANTS ET AL | ) | FRCP 81 (a)(2) Non-Statutory |
| | ) | Habeas Corpus, Petitioner |
| | ) | Pro Se 28 USC 1333 |

Petitioner is Challenging the fact and duration of his conviction for 922 (g)(1). Original case # 05-40102-001 USM # 13761-026. Petitioner avers "newly discovered evidence" in the argument to follow in this writ.

Petitioner avers that the 1968 "gun control act" is illegal in itself and basically UNCONSTITUTIONAL from it's inception.

Petitioner claims with proof that the text that follows should be construed as NEWLY DISCOVERED EVIDENCE that tends to not only show that the "Attorney" was INEFFECTIVE, but that the "law "itself is and always was UNCONSTITUTIONAL.

Petitioner therefore moves the U.S. District Court to reverse his sentence, as being illegal by the UNITED STATES CONSTITUTION. Original No. 06-2074, Appeal U.S.CA. # 4:05-cr-40102-JBM-JSG

I attest;

Seal

Signed before me; _Eddie Crantz_ date 4-17-07

Notary State of Indiana, Vigo County, My Commission expires 4/3/2014

"BENNIE L. CARRUTHERS
_Bennie Carruthers_
FOR Bennie L. Carruthers Agent"

1

ARGUMENT

Title 18 U.S.C. § 922(g)(1) defines three separate offenses. This claim addresses only the second of the three, which shows a constitutional and jurisdictional defect on its face as applied in the instant case.

As noted Petitioner was charged and stands convicted for possession of a firearm on private property. The question is whether such a possession is a federal offense and whether the facts alleged and admitted or proved fall within the ambit of the statute as enacted? To interpret a statute, courts forst look to the language. see; Richardson v United States, 526 U.S. 813, 818 (1999). Section 922-(g)(1) states in pertinent part:

It shall be unlawful for any person-who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year...to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

The first offense makes unlawful shipping or transporting any firearm or ammunition in interstate or foreign commerce by a prior-convicted person.

Similarly, the third offense makes unlawful receiving by a prior-convicted person any firearm or ammunition, which has been shipped or transported, in interstate or foreign commerce.

Thus, Congress' intent could not be more clear as to the first and third unlawful acts.

2

Congress intended to punish them relying on its Commerce Clause Jurisdiction, Article I, Sec. 8, cl.3, and expressly confined the statute to acts committed in interstate or foreign commerce. See e.g. United States v Morrison, 529 U.S. 598, 609 (2000)(noting three seperate categories of Congress' power under Art. 1, Sec. 8, Cl. 3, of which "in interstate [or foreign] comerce involves the second category- a quite restricted one")

Congress' intent of the second unlawful act defined in § 922 (g)(1) is different both as to its purpose and jurisdictional basis and scope. Such act is defined thus:

it shall be unlawful for any person-who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year... to... possess in or affecting commerce, any firearm or ammunition [emphasis added]

Congress explicitly avoided any use of the terms interstate or foreign in respect to the commerce it sought to regulate by the act of possession.

Thus, it can be said assuredly that in respect to shipping/ and transporting firearms/ammunition and receipt of firearms/ ammunition having been shiped/transported Congress' explicit employment of the terms "in interstate or foreign commerce"-essential "jurisdictional elements," Morrison, supra. 529 U.S. at 611-613; United States v Lopez 514 U.S. 549, 561-562 (1995), that Congress was both exercising Commerce Clause jurisdiction in legislating and *Congress jurisdictionally confined the acts to be punished accordingly.

The possession provision, however, discloses a contrary jurisdictional basis and scope and entirely different legislative intent.

Congress' power under the Commerce Clause is limited. It extends

3

only "to regulate commerce with foreign nations, and among the several tates, and with the Indian tribes." Art I, Sec. 8, Cl. 3. It does not include the "exclusively internal commerce of a State." Lopez supra, 514 U.S. at 553 (quoting Gibbons v Ogden, 22 U.S. (9 Wheat.) 1, 194-195 (1824) (Marshall, Ch. J.).

At first glance, it would appear that Congress simply sought to usurp state jurisdiction by legislating the possession of firearms/ammunition in State commerce, or at least to embrase State commerce within its reach by employing the general subject-matter of "commerce."

However, the statute can be read by its literal terms-not as it might appear-to regulate commerce within Congress' sphere of plenary power-i.e., the District of Columbia and the territories. Butts v Merchants' & Miners' Trans, Co., 230 U.S. 126, 133-138 (1913) El Paso & Northern R.R. Co. v Gutierrez, 215 U.S. 87, 93-96 (1909); Howard v Illinois C.R. Co. ("The Employer Liability Cases"), 207 U.S. 463, 493-503 (1908). Cf. Railroad Retirement Board v Alton Railroad Co. 295 U.S. 330, 346-347 & n. 4 (1935)(citing cases). And see Lopez supra, 514 U.S. at 596-597 & n.6 (Thomas, J., concurring)(citing United States v DeWitt, 76 U.S. (9 Wall.) 41, 44-45 (1870)) (other citations omitted). Compare United States v Oregon State Medical Society, 343 U.S. 326, 338-339 (1952)("across-state-lines activities of private associations" not shown to "adversely affect[]" matters regulable as interstate commerce remain "wholly intrastate" and even "few, sporadic and incidental" activities that affect interstate commerce will not permit federal regulation).

A statute which purports to regulate matter "in interstate commerce or in commerce wholly within a state" is, unless the intra-

state provision is severable, unconstitutional and must be so held. <u>El Paso & Northern R.R. Co.</u>, supra, 215 U.S. at 93; <u>Butts</u>, supra, 230 U.S. at 133-137.

"When, therefore, Congress undertakes to enact a law, which can only be valid as a regulation of commerce, it is reasonable to expect to find on the face of the law, or from its essential nature, that it is a regulation of comerce with foreign nations, or among the several states, or with the Indian tribes."
<u>Butts</u>, supra, 230 U.S. at 136 (quoting <u>Trade-Mark Cases</u>, 100 U.S. 82, 96 (1879)).

Of course mere possession of a firearm is not itself a commercial activity. <u>Morrison,</u> supra, 529 U.S. at 610 ("The possession of a gun.. is in no sense an economic activity that might, through repitition elsewhere substantially affect any sort of interstate commerce.") (quoting <u>Lopez</u>, supra, 514 U.S. at 567); <u>Lopez</u> supra, 514 U.S. at 599 (Prior to New Deal era "there was no question that activities wholly separated from business, such as gun possession, were beyond the reach of of the commerce power.") (Thomas, J., concurring).

The resolution of the instant claim, however, does not turn upon the question of whether or when Congress can legislate upon possession of firearms in or affecting or involving interstate or foreign commerce, because the portion of the statute in question on its face does not purport to regulate any of the types of commerce over which Congress has been authorized to legislate under <u>Art. I Sec. 8 Cl. 3</u> As noted above, it regulates only "commerce," and because as a matter of settled law this can only mean to include purely intrastate commerce- an act of usur-pation rendering the provision unconstitutional- or commerce solely with Congress'

5

plenary police powers-e.g., the District of Columbia, the territories, etc., the Court must determine Congress' intent.

The statute being highly penal must be construed strictly. <u>United States v Wiltberger,</u> 18 U.S. (5 Wheat.) 76, 97, 99 (1820). Morever, it is to be presumed that Congress "legislates in light of constitutional limitations," <u>Jones v. United States</u>, 526 U.S. 227, 240 (1999) (quoting <u>Rust v Sullivan,</u> 500 U.S. 173, 191 (1990); and "a presumption never ought to be indulged that Congress meant to exercise or usurp any constitutional authority, unless that conclusion is forced upon the court by language altogether unambiguous." <u>United States v Coombs,</u> 37 U.S. (12 Pet.) 72, 76 (1838).

Finally, courts will construe statutes to avoid "engendering constitutional issues if a reasonable alternative interpretation poses no constitutional question." <u>Richardson v United States,</u> 526 U.S. 813, 820 (1999) (quoting <u>Gomez v United States</u>, 490 U.S. 858, 864 (1989)).

In respect to the shipping/transporting and receiving provions, Congress explicitly employed the terms "in interstate or foreign commerce" -terms well-settled and understood within the enumerated powers of the Commerce Clause.
However, in respect to the possession provision, Congress made every effort to avoid any term that might lead to an inference, much less a conclusion, that it was legislating under the Commerce Clause or was seeking to punish any possession in or affecting foreign or interstate commerce. Congress' choice in deliberate omission of Commerce Clause elements in one of the three provisions virtually assures that Congress was guiding courts and prosecutors away from the Commerce Clause delibertly focusing attention upon its plenary

powers.

The possession provision is complete in itself and, thus, severable. Therefore, construction of this provision will have no bearing upon any other provisions of the statut.

This Court can avoid engendering the constitutional issue that Congress sought to usurp jurisdiction over intrastate commerce by applying traditional canons of construction. And, of course, it can do so without resort to the forbidden attempt "to insert other and new words, restricting there operation," Butts, supra, 230 U.S. at 135 ("To do this would be to introduce a limitation where Congress intended none, and thereby to make a new penal statute, which, of course, we may not do,") to the sphere of Commerce Clause jurisdiction.

By reliance upon the plain language, construed strictly, it is apparent, presuming Congress did not intend to usurp intrastate commerce, that "in or affecting commerce" is and essential jurisdictional element* confining the possession provision to commerce in* the District of Columbia, the territories and places over which Congress has plenary jurisdiction. Thus, the statute will be saved from constitutional infirmity and constitutional doubt.

To construe the statute otherwise will raise constitutional doubt as to the statute and can only be done by adding words to the text that are not there, This would simply raise additional constitutional questions including seperation of powers issues.
Construing the statute to operate in the District of Columbia, the territories and areas of Congress' plenary powers obviates the conviction and sentence in this case for lack of jurisdiction and judicial power. United States v. Lombardo, 241 U.S. 73, 78 (1916)("A court is constrained by the meaning of the words of a statute, The

7

extent of its power...").

Petitioner's conviction and sentence is void and not within the scope of § 922(g)(1). It MUST be vacated and the indictment dismissed, WITH PREJUDICE.

Respectfully submitted,
"BENNIE L. GARRUTHERS FOR
"Bennie L. Carruthers Agent"

Date 4-17-07

Seal

Signed before me: _Eddie Combs_    4/17/2007

Notary State of Indiana, Vigo County, My Commission expires 4/13/2014