E-FILED
Thursday, 24 May, 2007  08:52:06 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

```
BENNIE LEROY CARRUTHERS, JR.,   )
                                )
     Petitioner,                )
                                )
         v.                     )   Case No. 07-cv-4021
                                )
USA,                            )
                                )
     Respondent.                )
```

## O P I N I O N and O R D E R

Before the Court is the Motion to Vacate, Set Aside, or Correct the Sentence filed by Petitioner, Bennie Leroy Carruthers, Jr., on April 23, 2007 [Doc. 1]. For the reasons that follow, the Motion is DISMISSED.

### BACKGROUND

Petitioner, Bennie Leroy Carruthers, Jr., was indicted on August 19, 2005 on the charge of felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The indictment alleges that Petitioner was previously convicted by the State of Illinois for crimes punishable by imprisonment for more than one year when he knowingly possessed a Smith & Wesson .357 revolver. Petitioner pled guilty and judgment was entered on April 10, 2006. He was sentenced to 120 months imprisonment and 3 years supervised release. Petitioner appealed his conviction and sentence by filing a notice of appeal on April 13, 2006. The

only argument on appeal was that Petitioner's sentence was excessive. The Seventh Circuit Court of Appeals dismissed the appeal by written order dated April 18, 2007. As of the date of this Order, there is no indication that Petitioner is pursuing an appeal before the Supreme Court.

## DISCUSSION

28 U.S.C. § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Rule 4 of the Rules Governing § 2255 Proceedings provides for a preliminary review of the petition and "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Petitioner argues that relief should be granted because the statute under which he was convicted is unconstitutional and because newly discovered evidence reveals that his counsel was ineffective. It plainly appears that Petitioner is not entitled to relief.

Petitioner first argues that the statute under which he was

convicted, 28 U.S.C. § 922(g), is unconstitutional because it violates the Commerce Clause of the United States Constitution. He specifically argues that the portion of the statute which states that "it shall be unlawful for any person" who is a felon "to possess in or affecting commence, any firearm or ammunition . . . ," Id., is beyond the power of Congress to regulate pursuant to the Commerce Clause. "This argument is clearly foreclosed by controlling precedent." United States v. Ortiz, 474 F.3d 976, 980 (7th Cir. 2007). In United States v. Sidwell, 440 F.3d 865 (7th Cir. 2006), the Seventh Circuit stated that "[w]e have rejected, on numerous occasions, Commerce Clause challenges to §922(g), noting that the jurisdictional element of § 922(g) provides the required nexus with interstate commerce." Id. at 870 (citation and quotation marks omitted); See also United States v. Juarez, 454 F.3d 717, 719 (7th Cir. 2006) (discussing the specific provision that Petitioner complains of in holding that the statute is not unconstitutional); United States v. Lemons, 302 F.3d 769, 772-773 (7th Cir. 2002). Petitioner offers no argument that would call into question this line of precedent.

Petitioner's second argument appears to be that counsel was ineffective for failing to argue that § 922(g) is unconstitutional. Petitioner seems to be arguing that his commerce clause argument is "newly discovered evidence" that

counsel should have argued. A legal argument is simply not "new evidence." The argument itself is not even "new" as the above quoted cases demonstrate. In any event, each criminal defendant is entitled to "reasonably effective assistance" of counsel. Strickland v. Washington, 466 U.S. 668, 687 (1984). In order for Petitioner to prevail on his ineffective assistance of counsel claim, he must first show that "counsel's representation fell below an objective standard of reasonableness" and that his defense was prejudiced by counsel's performance. Id. at 687-688, 691-692. As noted above, Petitioner's commerce clause argument is without merit. Therefore, counsel cannot be ineffective for failing to raise an argument that clearly has no merit.

## CONCLUSION

For the foregoing reasons, the Motion to Vacate, Set Aside, or Correct the Sentence filed by Petitioner, Bennie Leroy Carruthers, Jr., on April 23, 2007 [Doc. 1] is DISMISSED. CASE TERMINATED.

Entered this  23rd  day of May, 2007

                                                  s/ Joe B. McDade
                                                  JOE BILLY McDADE
                                     United States District Judge